### In the Matter of Marc C. LATERZO, Respondent.

#### No. 45S00–0807–DI–413.

Supreme Court of Indiana.

June 29, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count I.* Respondent represented "Client A" in a felony case. While that case was pending, Client A was arrested in 2006 on a misdemeanor possession of marijuana charge. Client A falsely identified himself as "Mr. B," a real person. Respondent represented Client A in this case and went along with the ruse through sentencing, referring to Client A as Mr. B in documents and at a hearing on a plea agreement. When Client A failed to appear at a required substance abuse program, the real Mr. B was arrested. Mr. B had to hire an attorney to secure his release and prove his was not Client A.

*Count II.* In 2006, Respondent was successful in obtaining post-conviction relief for Client C through a stipulation with a special prosecutor. Respondent twice submitted to the court proposed orders containing terms to which the special prosecutor had not agreed and which would have improperly expunged records relating to Client C's arrest and conviction.

*Other facts.* Respondent was cooperative with the Commission and accepts responsibility for his actions, and paid Mr. B's expenses for an attorney.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

- 1.2(d): Counseling or assisting a client in conduct the lawyer knows to be criminal or fraudulent.
- 3.3(a): Failure to correct a false statement of material fact made to a tribunal.
- 3.3(b): Failure to take reasonable remedial efforts with respect to a client's fraudulent or criminal conduct in a proceeding.
- 3.5(b): Engaging in an improper ex parte communication with a judge.
- 8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree the appropriate sanction is a 180–day suspension without automatic reinstatement. Respondent engaged in serious professional misconduct. "The reliability of lawyers' representations is an integral component of the fair and efficient administration of justice." *Fire Ins. Exchange v. Bell,* 643 N.E.2d 310, 313 (Ind.1994). The sanction the Court would impose for such misconduct would likely be more severe had this matter been submitted without an agreement. However, in light of the Court's

desire to foster agreed resolutions of lawyer disciplinary cases and the rigorous reinstatement process Respondent must undergo before being permitted to practice law again, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 180 days, without automatic reinstatement, beginning August 7, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who dissent, believing the discipline to be too lenient.